**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Antonio RAMIREZ–JUAREZ,**
**Defendant–Appellant.**

**No. 06–40754**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM: *

Juan Antonio Ramirez–Juarez appeals his conviction and 41–month sentence for attempted illegal reentry. Ramirez–Juarez argues that the sentence imposed by the district court should not be afforded a presumption of reasonableness merely because it is within the properly calculated guidelines range. Ramirez–Juarez's argument is foreclosed by *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462–68, 168 L.Ed.2d 203 (2007).

Ramirez–Juarez further contends that even if a presumption of reasonableness applies to his sentence, the presumption is overcome and the sentence is unreasonable when, as in his case, the district court "is presented with nonfrivolous grounds for a below-Guidelines sentence that the court simply passed over in silence."

The district court heard the arguments that Ramirez–Juarez had only one prior offense several years earlier and that he had reentered the United States for family reasons. The judge commented that, although Ramirez–Juarez had only one prior

---

offense, it was a serious offense. Based on that serious history, the court stated that a sentence within the guideline range "would be reasonable." Under *Rita*, the district court's statement of reasons was sufficient. 127 S.Ct. at 2469.

Ramirez–Juarez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ramirez–Juarez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 546 U.S. 919, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ramirez–Juarez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.